UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

RAPHAEL MENDEZ,                                    Civil No. 12-28 (ADM/FLN)

       Petitioner,

    v.                                         **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,
Warden B.R. JETT, et al.,
Unit Manager MARY HAUGEN, and
Chief Psychiatrist Dr. STANTON,

       Respondents.

---

     This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.   The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.   BACKGROUND

     Plaintiff is a civilly committed federal detainee, who is currently being confined at the

---

    [1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.   Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").[2]  Petitioner's current

habeas corpus petition lists two claims.

Petitioner's first claim, repeated verbatim and in its entirety, is as follows:

"I am a pretrial detainee challenging my federal custody and the duration of
my confinement not directly caused by a federal judgment in a federal
criminal case."

(Petition, [Docket No. 1], p. 3, § 9(a).)

Petitioner's second claim does not challenge the legality of his confinement, per se.

Instead, Petitioner is seeking redress for a "correctional threat" allegedly made by various

employees at FMC-Rochester, including Respondents B.R. Jett, (the Warden), Mary

Haugen, (a "unit manager"), and Dr. Stanton, (the "Chief Psychiatrist").  (Id., p. 3. § 9(b).)

Petitioner alleges that on October 21, 2011, he was assigned to fix several

typewriters at FMC-Rochester.  (Id., p. 9.)  While he was working on that project, "a small

screw driver came up missing."  (Id.)  The screwdriver could not be found, and Petitioner

was subsequently placed in "administrative detention."  (Id.)  Sometime later, the missing

screwdriver "somehow returned," and Petitioner was released from administrative

detention.  (Id.)

Petitioner also alleges that he was accused of wrongly possessing a radio.  (Id.)  The

radio apparently was taken from Petitioner, and not returned.  (Id., p. 10.)

As a result of the screwdriver and radio incidents, Petitioner allegedly lost "a grad

level pay."  (Id.)  Petitioner exchanged some e-mail messages with FMC-Rochester

---

[2]  Petitioner has been a frequent litigator in this District.  The circumstances that
precipitated Petitioner's civil commitment are described in a Report and Recommendation
filed by former Chief Magistrate Judge Raymond Erickson in one of Petitioner's previous
cases – Mendez v. Britt, No. 07-1278 (JMR/RLE) [Docket No. 3].

employees, in which he complained about the screwdriver and radio incidents. (Id.)  After Petitioner made those complaints, he received "an incident report" for attending a bingo game. (Id.)  Although Petitioner believed that he was authorized to attend the bingo game, he was found to be "out of bound," and he was "sentenced" to "16 days of Cammisary [sic] restriction." (Id.)

As a result of all these incidents, Petitioner asked for a "transfer back to N. Carolina." (Id., p. 11.)  However, that request allegedly was denied by Respondent Dr. Stanton. (Id.)

Based on the foregoing allegations, Petitioner contends that FMC-Rochester "is run by a white supremacist correctional criminal organization," and he should therefore be transferred to some other federal facility. (Id.)

For the reasons discussed below, the Court finds that Petitioner cannot be granted a writ of habeas corpus based on the allegations presented in his current petition.

## II.    DISCUSSION

Petitioner's first habeas corpus claim must be summarily rejected, because he has offered no factual or legal grounds to support it.  Petitioner has simply declared that he is challenging his federal custody and the duration of his confinement, without presenting any explanation for that assertion.  Needless to say, a habeas petitioner cannot be granted a writ of habeas corpus by merely claiming that he is challenging the fact or duration of his confinement.  A conclusory claim of this nature is obviously unsustainable. See Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987) (to state an actionable claim for habeas corpus relief, "[m]ere conclusory allegations will not suffice"), cert. denied, 484 U.S. 1074

(1988).[3]

Petitioner's second habeas claim is also unavailing, because it does not present any colorable challenge to the legality of Petitioner's current confinement, per se.  All of the allegations offered in support of Petitioner's second claim for relief pertain solely to the conditions of his confinement at FMC-Rochester.  Petitioner apparently believes that he has been wrongly disciplined and threatened by certain members of the staff at FMC-Rochester.  However, even if Petitioner could prove that he has been mistreated at FMC-Rochester, it would not follow that he should therefore be released from custody altogether.  Indeed, Petitioner himself seems to recognize that he cannot be granted an outright release from custody based solely on the allegedly onerous conditions of his confinement.  It is for this reason, presumably, that Petitioner is seeking a transfer to another facility – not an outright release from custody.

It is well-settled that the federal habeas corpus statutes provide a remedy for prisoners challenging the fact or duration of their confinement -- not the conditions of their confinement.  Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994).  As our Court of Appeals has clearly and succinctly explained –

"If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.  [Citation omitted.]... Where petitioner seeks a writ of

---

[3] Moreover, it appears that Petitioner is already seeking relief in the case that caused his civil commitment.  (See Petition, p. 5, § 14(a).)  That other case undoubtedly is the proper forum for any challenge to Petitioner's ongoing confinement.  See Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004) (where civilly committed federal detainee was "in custody by reason of a commitment order issued by the District of Utah," "[o]nly that court... may grant the statutory relief he seeks, either conditional or unconditional release").

> habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  Thus, when a federal prisoner's "claims do not challenge the fact or duration of his confinement, they may not be brought in a habeas petition, and his petition for a writ of habeas corpus must be dismissed." Taylor v. Roal, Civil No. 10-3588 (PJS/JJG) (D.Minn. 2010), 2010 WL 4628634 at *5.

Here, Petitioner's second habeas corpus claim does not challenge the legality of his custody per se, and he is not claiming that his outright release from custody should be expedited.  Instead, Petitioner is challenging the conditions of his confinement at FMC-Rochester, and he is seeking an order that would cause him to be transferred to some other place.  However, habeas corpus is not an available remedy for the claims that Petitioner is attempting to bring, or the relief that he is seeking, in the second part of his current petition. Because Petitioner is challenging the conditions of his confinement, rather than the fact or duration of his confinement, the claims presented at § 9(b) of the current petition cannot be brought in a habeas corpus action.

## III.   CONCLUSION

For the reasons discussed above, the Court finds that Petitioner cannot be granted a writ of habeas corpus for any of the claims presented in his current petition.  The Court will therefore recommend that this action be summarily dismissed.

Because this action must be dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application

should be denied where habeas petition cannot be entertained).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket

No. 1), be **DENIED**;

2.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

and

3.  This action be **DISMISSED**.


Dated: January 23, 2012

                                                     s/ Franklin L. Noel
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 6, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.