# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Raphael Mendez,

        Petitioner,

    v.

United States of America;
Warden B.R. Jett., et al.;
Mary Haugen, Unit Manager; and
Dr. Stanton, Chief Psychiatrist,

        Respondents.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-28 ADM/FLN

_____

Raphael Mendez, Pro se.

Ann M. Bildtsen, Esq., Erika R. Mozangue, Esq., and Gregory G. Brooker, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Respondents.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Raphael Mendez's ("Mendez") Objection [Docket No. 4] to Magistrate Judge Franklin L. Noel's January 23, 2012 Report and Recommendation [Docket No. 3] ("R&R").  In the R&R, Judge Noel recommended that Mendez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] (the "§ 2241 Petition") be denied, that Mendez's Application to Proceed in District Court without Prepaying Fees or Costs [Docket No. 2] (the "IFP Application") be denied, and this action be dismissed.  Based on a de novo review of the record, the Court adopts the R&R, denies the § 2241 Petition, denies the IFP Application, and dismisses the action.

## II.  BACKGROUND

Petitioner Raphael Mendez, a civilly committed federal detainee at the Federal Medical Center (FMC) in Rochester, Minnesota, filed a petition for a writ of habeas corpus under 28

U.S.C. § 2241, alleging two grounds for relief: (1) "I am a pretrial detainee challenging his federal custody and the duration of my confinement, which was not directly caused by a federal judgment in a federal criminal case"; and (2) "I am challenging FMC Rochester, Minnesota; Warden, Unit Manager, and Chief Psychiatrist, among other employees, for supporting a correctional threat made upon my person since October 21, 2011, a Friday, resulting in existing damages today." Petition [Docket No. 1] ¶ 9. In his Objection, Mendez avers he is asserting a single claim under 18 U.S.C. § 1792, a criminal statute outlawing mutiny or rioting in federal penal facilities. Objection [Docket No. 4] at 1.

As a pro se party, Mendez's pleadings are to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Mendez's factual allegations generally relate to two grievances: (1) his radio was wrongfully taken from him with an accompanying decrease in wages related to the radio dispute, and (2) the FMC in Rochester is run by a white supremacists. Judge Noel determined that Mendez was seeking to challenge the conditions of his confinement rather than its validity, and therefore recommended dismissing his § 2241 Petition. Mendez's Objection followed.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**B.  Habeas Corpus Relief Under 28 U.S.C. § 2241**

As a general rule, anyone in federal custody–including an individual who has been civilly committed–can challenge the legality of his confinement by filing a §2241 habeas corpus petition in the district where he is confined.  Archuleta v. Hedrick, 365 F.3d 644, 647–48 (8th Cir. 2004). A writ of habeas corpus is meant to provide a remedy for prisoners who are challenging the "fact or duration of their physical confinement and are *seeking immediate release or a speedier release*."  Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993) (emphasis added).

If the prisoner does not challenge the legal validity of his conviction or the length of his detention, then a habeas writ is not a proper remedy.  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996).  To challenge conditions of confinement, a civil rights action, not a habeas action, is the proper avenue.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  A habeas petition is an extraordinary remedy, and is usually only available when the petitioner has "no other remedy." Slupkowski v. U.S. Att'y Gen., No. 09-1048, 2009 WL 1850876, at *2 (D. Minn. June 26, 2009).

**1.  Mendez does not challenge legality of confinement or its duration**

Mendez claims that a pretrial civil detainee who is classified as a ward of the court does not need to challenge the legality of his current confinement.  Not so.  The fact that an individual is civilly committed before trial does not change the requirements for a habeas action. Slupkowski, 2009 WL 1850876, at *2.  Even though Mendez is civilly committed, not a convicted prisoner, he still needs to meet the requirements for a habeas petition by challenging the legality of his current confinement, *not* its conditions.  See Muhammad, 540 U.S. at 750; Pettersen v. Clarke, 82 F.3d 421 (8th Cir. 1996) (affirming dismissal of habeas petition because petitioner did not challenge conviction or sentence).

3

Mendez expressly states, "I NEVER asked tobe [sic] released from custody."  Objection [Docket No. 4] at 4 (emphasis in original).  Instead, Mendez asked for "transfer from a growing threat at FMC Rochester."  Id.  Mendez is not challenging the length of his detention and is not challenging the validity of his conviction by asking to be released from confinement; therefore a writ of habeas corpus is not an appropriate remedy.  Mendez's legal recourse is to challenge the fact of his commitment in the court that committed him.

### 2.  Other Remedies Available

Mendez's ability to challenge the fact of his commitment in the court that committed him is also another available remedy that precludes habeas relief.  A petitioner should pursue other remedies before a habeas petition.  Archuleta, 365 F.3d at 648-49; see also  Slupkowski, 2009 WL 1850876, at *3.  Because a civilly committed detainee can challenge his commitment directly in the court that committed him, there is another remedy available.  Archuleta, 365 F.3d at 648-49; see also Slupkowski, 2009 WL 1850876, at *3 (denying petitioner's application for habeas corpus relief because he could seek release from his civil commitment by pursuing a claim in the court that ordered the commitment).  As Mendez admits in his Objection, he has the ability to challenge his confinement directly in the court that civilly committed him in North Carolina.

Furthermore, Mendez is required to exhaust his administrative remedies.  See United States v. Chappel, 208 F.3d 1069, 1069–70 (stating that a petitioner can file a 28 U.S.C. § 2241 petition after exhausting his administrative remedies with the Bureau of Prisons).  Mendez has made no allegations that he has exhausted administrative remedies, or that pursuing such remedies is futile.

For the reasons discussed above, the Court finds that none of Mendez's current claims for

relief can properly be raised in a § 2241 petition.  Therefore, the R&R is adopted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Mendez's Objection [Docket No. 4] is **OVERRULED**;

2.  Judge Noel's Report & Recommendation [Docket No. 3] is **ADOPTED**;

3.  Mendez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a

person in Federal Custody [Docket No. 1] is **DENIED**;

4.  The IFP Application [Docket No. 2] is **DENIED**; and

5.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


BY THE COURT:


        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 3, 2012.